IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 21-CR-178 (APM) |
| v. | : | |
| SHELLY STALLINGS | : | |
| Defendant. | : | |

**<u>UNITED STATES' SUBMISSION IN SUPPORT OF GUILTY PLEA</u>**

On August 5, 2022, the defendant, SHELLY STALLINGS, notified the Court that she intended to plead guilty to all counts against her in the Superseding Indictment, Dkt. 63. On August 12, 2022, the Court requested that the government submit to the Court the statutory maximum penalties, as well as the preliminary Guidelines calculations, for the offenses to which the defendant will plead guilty. Accordingly, that information is set forth herein.

Stallings is charged with a total of seven counts in the Superseding Indictment. These counts, along with their elements, statutory maximum penalties, and preliminary Guidelines calculations, are set forth below.

**II.    Statutory Elements and Maximum Penalties**

  A.    *Count 2: Civil disorder, in violation of 18 U.S.C. § 231(a)(3)*

To plead guilty to this charge, the defendant must admit that she committed an act to obstruct a law enforcement officer who was lawfully engaged in the lawful performance of his official duties, incident to and during the commission of a civil disorder, which adversely affected commerce or the movement of any article in commerce or the conduct or performance of any federally protected function.

The maximum penalties are:

1. A term of imprisonment of not more than 5 years;
2. A term of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

    B. *Count 6: Assaulting, resisting, or impeding certain officers with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b)(1)*

To plead guilty to this charge, the defendant must admit that she forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of their official duties. Specifically, the defendant admits that, using a deadly or dangerous weapon, to wit: pepper spray, she did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States Capitol Police or a person assisting the United States Capitol Police, that is, an officer from the Metropolitan Police Department. The defendant further admits that she knew at the time of the assault of, resisting, opposition to, impeding of, intimidation of, or interference with the officer that the officer was engaged in the performance of their official duties.

The maximum penalties are:

1. A term of imprisonment of not more than 20 years;
2. A term of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

    C. *Count 9: Entering and remaining in a restricted grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A)*

To plead guilty to this charge, the defendant must admit that she knowingly used a deadly or dangerous weapon, to wit: pepper spray, while remaining in a restricted area, and she further admits that she knew the area was restricted and that she lacked the lawful authority to remain there.

The maximum penalties are:

    1. A term of imprisonment of not more than 10 years;
    2. A term of supervised release of not more than 3 years;
    3. A fine not to exceed $250,000; and
    4. A special assessment of $100.

D. *Count 10: Disorderly and disruptive conduct in a restricted grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A)*

To plead guilty to this charge, the defendant must admit that she used a deadly or dangerous weapon, to wit: pepper spray, in relation to disorderly or disruptive conduct she admits she knowingly engaged in in a restricted area, with the intent to impede or disrupt the orderly conduct of government business.

The maximum penalties are:

    1. A term of imprisonment of not more than 10 years;
    2. A term of supervised release of not more than 3 years;
    3. A fine not to exceed $250,000; and
    4. A special assessment of $100.

E. *Count 11: Engaging in physical violence in a restricted grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A)*

To plead guilty to this charge, the defendant must admit that she used a deadly or dangerous weapon, to wit: pepper spray, in relation to an act of physical violence against a person, which she admits she knowingly engaged in in a restricted area.

The maximum penalties are:

    1. A term of imprisonment of not more than 10 years;
    2. A term of supervised release of not more than 3 years;
    3. A fine not to exceed $250,000; and
    4. A special assessment of $100.

F. *Count 12: Disorderly conduct in the Capitol grounds, in violation of 40 U.S.C. § 5104(e)(2)(D)*

To plead guilty to this charge, the defendant must admit that she engaged in disorderly or disruptive conduct in the grounds of the Capitol building, with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

The maximum penalties are:

1. A term of imprisonment of not more than 6 months;
2. A fine not to exceed $5,000; and
3. A special assessment of $10.

G. *Count 13: Act of physical violence in the Capitol grounds, in violation of 40 U.S.C. § 5104(e)(2)(F)*

To plead guilty to this charge, the defendant must admit that she willfully and knowingly engaged in an act of physical violence in the grounds of the Capitol building.

The maximum penalties are:

1. A term of imprisonment of not more than 6 months;
2. A fine not to exceed $5,000; and
3. A special assessment of $10.

## II. Preliminary Guidelines Calculations

The government estimates the following preliminary Guidelines calculations. First, the following base offense levels, with adjustments, apply to each count of conviction.

Count 2: 18 U.S.C. § 231(a)(3)

- U.S.S.G. § 2A2.4(c)(1): cross-reference § 2A2.2
- U.S.S.G. § 2A2.2 = +14
- U.S.S.G. § 2A2.2(b)(2)(B): dangerous weapon used = +4
- U.S.S.G. § 3A1.2(a)-(c): official victim = +6
- Subtotal = 24

Count 6: 18 U.S.C. § 111(a)(1) and (b)(1)

- U.S.S.G. § 2A2.2 = +14
- U.S.S.G. § 2A2.2(b)(2)(B): dangerous weapon used = +4
- U.S.S.G. § 2A2.2(b)(7): convicted under 111(b) = +2
- U.S.S.G. § 3A1.2(a)-(c): official victim = +6
- Subtotal = 26

Count 9: 18 U.S.C. § 1752(a)(1) and (b)(1)(A)

- U.S.S.G. § 2B2.3(c): intent to commit another felony, cross reference § 2X1.1, using Count 6 (18 U.S.C. § 111(a)(1) and (b)(1)
- Base offense level and adjustments from Count 6, minus adjustment for official victim
- Subtotal = 20

Count 10: 18 U.S.C. § 1752(a)(2) and (b)(1)(A)

- U.S.S.G. § 2A2.4(c)(1): cross-reference § 2A2.2
- U.S.S.G. § 2A2.2 = +14
- U.S.S.G. § 2A2.2(b)(2)(B): dangerous weapon used = +4
- U.S.S.G. § 3A1.2(a)-(c): official victim = +6
- Subtotal = 24

Count 11: 18 U.S.C. § 1752(a)(4) and (b)(1)(A)

- U.S.S.G. § 2A2.4(c)(1): cross-reference § 2A2.2
- U.S.S.G. § 2A2.2 = +14
- U.S.S.G. § 2A2.2(b)(2)(B): dangerous weapon used = +4
- U.S.S.G. § 3A1.2(a)-(c): official victim = +6
- Subtotal = 24

The Guidelines do not apply to Counts 12 and 13.  U.S.S.G. § 1B1.9.

The Guidelines analysis does not stop at computing a base offense level, with any adjustments, for each count of conviction.  The next step, since there are multiple counts of conviction, is to perform a grouping analysis under Chapter 3, Part D, of the Guidelines.  *See* U.S.S.G. § 1B1.1(a).

Because all the counts of conviction involve the same victim and the same act or transaction, all the counts group together into a single group.  U.S.S.G. § 3D1.2(a).  Then, the applicable offense level for all counts is the highest offense level of the counts in the single group.  *Id*. § 3D1.3(a).  In this case, the highest offense level for any count of conviction is 26.  Therefore, the preliminary Guidelines calculation results in a Level 26 before any reductions for acceptance of responsibility.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    /s/ Stephen J. Rancourt
        STEPHEN J. RANCOURT
        Assistant United States Attorney, Detailee
        Texas Bar No 24079181
        601 D Street, NW
        Washington, DC 20530
        (806) 472-7398
        stephen.rancourt@usdoj.gov